*In re* MARRIAGE OF MYRA Z. KOMNICK, Petitioner-Appellant and Cross-Appellee, and LOREN J. KOMNICK, Respondent-Appellee and Cross-Appellant.

Fourth District    No. 15520

Opinion filed November 27, 1979.—Rehearing denied December 26, 1979.

MILLS, J., dissenting.

James R. Ensign, of Livingston, Barger, Brandt, Slater and Schroeder, of Bloomington, for appellant.

G. Michael Prall, of Zanoni, Flynn, McElvain & Prall, of Bloomington, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The parties, petitioner Myra Komnick (wife), and respondent Loren Komnick (husband), were granted a judgment for dissolution of marriage on April 6, 1978, after 30 years of marriage. After the July 26, 1978, hearing on property division, a supplemental judgment order for dissolution of marriage was filed on February 8, 1979. The wife is appealing from that part of the order that ruled, as a matter of law, that the increase in value of the farmland inherited by the husband during the parties' marriage was not marital property. The husband is cross-appealing from the part of the order that awarded to the wife the use of the marital home and one-half interest in a life insurance policy without any cost to her, and the amount of maintenance awarded.

In 1965, during the marriage, the husband inherited an interest in a 194-acre tract of farmland. The parties have stipulated that the value of husband's interest in the farmland on the date he inherited it in 1965 was $123,600. Further, the parties have stipulated that the value of husband's interest in the land on the date of the dissolution was $634,973. Therefore, the value of husband's interest increased or appreciated $511,373 from the date he inherited it until the date of the dissolution.

No substantial capital improvements were made to the farmland by the parties. Also, the parties have stipulated that the increase in value of the farmland was substantially due to economic factors and/or other external factors rather than through improvements made to the farmland by the parties.

■■ The wife's appeal presents us with a clear and precise question of law: whether the increase in value of property inherited during marriage is marital property? We hold that it is.

Section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 503) (hereinafter Act), in part, reads:

"(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'non-marital property':

(1) property acquired by gift, bequest, devise or descent;

(2) property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise or descent;

(3) property acquired by a spouse after a judgment of legal separation;

(4) property excluded by valid agreement of the parties;

(5) the increase in value of property acquired before the marriage; and

(6) property acquired before the marriage.

(b) All property acquired by either spouse after the marriage

and before a judgment of dissolution of marriage or declaration of invalidity of marriage is presumed to be marital property, regardless of whether title is held individually or by the spouses in some form of co-ownership such as joint tenancy, tenancy in common, tenancy by the entirety, or community property. The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section.

(c) In a proceeding for dissolution of marriage or declaration of invalidity of marriage, or in a proceeding for disposition of property following dissolution of marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property, the court shall assign each spouse's non-marital property to that spouse. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including: * * *."

Ostensibly, section 503 of the Act does not state whether the appreciation or "increase in value" of nonmarital property acquired after marriage is marital or nonmarital property. However, section 503(b) of the Act plainly states:

"All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage * * * is presumed to be marital property, regardless of whether title is held individually * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 503(b).)

Therefore, in accordance with the law, the increase in value of the land inherited by the respondent is marital property because the land was inherited and the value increased after the parties were married.

■ Section 503(b) of the Act further states: "The presumption of marital property is overcome by a showing that the property was acquired by a method listed in subsection (a) of this Section." (Ill. Rev. Stat. 1977, ch. 40, par. 503(b).) Subsection (a) of section 503 of the Act, as we have noted, provides that all property acquired subsequent to the marriage is marital property. The six exceptions listed are not applicable here. Looking at subsection (a), it is clear that the presumption of marital property has not been overcome with respect to the property here. Therefore, it was error for the trial court to rule that the increase in the value of the husband's land inherited during the marriage was nonmarital property.

Additionally, section 503(a)(5) of the Act states that the following is nonmarital property:

"(5) the increase in value of property acquired before the marriage." (Ill. Rev. Stat. 1977, ch. 40, par. 503(a)(5).)

Section 503(a)(5) of the Act states that the increase in value of property acquired *before* marriage is nonmarital property. In keeping with the rule

of statutory construction, the expression of one thing is the exclusion of another, the increase in value of property acquired after marriage would be marital property. Also, see Auerbach, *Property Considerations Upon Dissolution and Declaration of Invalidity,* II Illinois Family Law 8c—32 (Ill. Inst. Conf. Leg. Ed. 1978), where the author states:

> "Since the legislature in exempting the increase in value limited the exemption to property acquired *before* the marriage, one may reasonably conclude that consistent with the rule of statutory construction, expression *unius est exclusio alterius,* the increase in value of non-marital property acquired *during* the marriage would not be so exempted."

If the legislature had wanted the increase in value of nonmarital property acquired after marriage to be nonmarital property, it could have said so. Our job is not to decide a legal dispute upon the basis of what we think the law should be. Rather, we must decide a dispute upon the basis if what the law is.

For the foregoing reasons, the order of the trial court concerning property division and maintenance is reversed and remanded for further proceedings consistent with the views expressed. We do not reach the issues of the cross-appeal which may well be moot upon redistribution of the property.

Reversed and remanded.

REARDON, P. J., concurs.

Mr. JUSTICE MILLS, dissenting:

To my view, *appreciation* in value of nonmarital ·property farmland—created purely by inflation and economy, and due to no work, effort, or improvement on the part of either husband or wife—is simply not equated to "marital property."

The majority cites Auerbach and the theory of *unius est exclusio alterius.* But that posture does not withstand scrutiny. Besides, this oft-quoted Latin maxim does not rise to the level of a rule of law. *Dick v. Roberts* (1956), 8 Ill. 2d 215, 219, 133 N.E.2d 305, 308.

Why is property acquired before the benefit of clergy any more sacrosanct than nonmarital property obtained afterwards by inheritance? By clear definition, nonmarital property—acquired subsequent to the vows—simply is not a part of the marriage.

Until the other branch of government specifically addresses this subject, the holding here amounts to nothing more than judicial legislation.

I dissent.