*In re* MARRIAGE OF RITA L. JONES, Petitioner-Appellant and Cross-Appellee, and BILLY R. JONES, Respondent-Appellee and Cross-Appellant.

Fifth District    No. 79-449

Opinion filed November 12, 1980.

Jack L. Giannini, of Belleville, for appellant.

David H. Adamson, III, of Callis & Hartman, P. C., of Granite City, for appellee.

Mme JUSTICE SPOMER delivered the opinion of the court:

The parties involved in this case have been married for more than 25 years and have raised five children. They have lived separate and apart since August 22, 1978, when Billy Jones absented himself from the marital home. Both of them have appealed from the denial by the Circuit Court of St. Clair County of both their petitions: that of Rita Jones for legal separation, and that of Mr. Jones for dissolution of marriage.

After a careful review of the lengthy record, we are unable to declare the trial court's decision that neither party had proved the other guilty of extreme and repeated mental cruelty without cause or provocation to be against the manifest weight of the evidence. Nevertheless, we think that a serious question remains which was not addressed by the court below.

The amended petition for legal separation filed by Mrs. Jones[1]

---

[1] Section 402 of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 402) provides as follows:

> "If the requirements of Section 401 have been met, except for the time periods stated therein, and if a party, prior to trial, requests a judgment of legal separation (formerly known as separate maintenance), rather than a judgment of dissolution of marriage, the court shall grant the judgment in that form, provided that the petitioner has resided in a separate abode from the respondent continuously since the separation, and such separation has been without the petitioner's fault."

This statute, unlike that governing the former remedy of separate maintenance (Ill. Rev. Stat. 1975, ch. 68, par. 22), expressly requires proof of one of the statutory grounds for dissolution of marriage set out in section 401 before relief can be granted. One such ground is desertion.

alleged in pertinent part that "without cause or provocation by the petitioner, the respondent has wilfully deserted the petitioner, all of which has caused the petitioner grievous mental anxiety and constitutes extreme and repeated mental cruelty." Under the notice pleading permitted by the Marriage and Dissolution of Marriage Act, the foregoing is sufficient to allege the grounds of desertion. (See Ill. Ann. Stat., ch. 40, par. 403, Historical and Practice Notes, at 252 (Smith-Hurd 1980).) No response to the amended petition containing this allegation appears of record.

The attention of the parties in the trial court was focused exclusively on proving their respective cases based upon mental cruelty. The court's order of dismissal did not treat desertion as an issue in the case. Because our review of the record suggests that the evidence may well have been sufficient to support a judgment of legal separation upon the grounds of desertion, we have determined to remand this cause to the trial court for further proceedings.

It is undisputed on the record before us that Mr. Jones absented himself from the marital home on August 22, 1978. However, the testimony of the parties as to the surrounding circumstances was highly conflicting and largely uncorroborated.

■■ It is axiomatic that, in reviewing findings of fact, this court should not substitute its judgment for that of the circuit court unless those findings are manifestly against the weight of the evidence. (See, *e.g., Edmond v. Edmond* (1974), 20 Ill. App. 3d 40, 312 N.E.2d 766.) Resolution of issues depending largely upon the weight and credence to be given to the conflicting testimony of the parties is peculiarly within the province of the trial court, whose determination should not be lightly disturbed. See, *e.g., Curran v. Curran* (1960), 19 Ill. 2d 164, 166 N.E.2d 13.

■■ Desertion, as the supreme court stated in *Lemon v. Lemon* (1958), 14 Ill. 2d 15, 21, 150 N.E.2d 608, 612, requires proof of:

> "an actual abandonment and abnegation of all marital relationships with an intent not to return and without legal justification or consent of the other spouse. [Citations.] Of course, the determination of intent and consent must be based upon the facts of each individual case and may be inferred from the conduct of the parties themselves."

Such factual questions as Mr. Jones' intent when he left the marital home should not be resolved in the first instance by this court on the basis of a cold record, especially in light of the scant attention paid to the issue of desertion by the parties on the original trial. We therefore remand this cause to the circuit court for further proceedings consistent with this opinion, and direct the court below to give the parties an opportunity to

submit such supplemental pleadings and additional evidence as they deem necessary to resolve the question addressed herein.

Remanded with directions.

JONES, P. J., and HARRISON, J., concur.

