(No. 53225.—

IRENE BENTLEY, Appellant, v. GEORGE BENTLEY, Appellee.

*Opinion filed January 20, 1981.—Rehearing denied*
*March 27, 1981.*

SIMON, J., took no part.

Charlotte Adelman, of Chicago, for appellant.

Crandell and Hoag, of Evanston (Rosaland M. Crandèll, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Irene Bentley, filed an action in the circuit court of Cook County against defendant, George Bentley, seeking a divorce, alimony, attorney's fees, and "an equitable division of all property jointly owned by the parties." Defendant answered and filed a countercomplaint for

divorce and partition, to which the plaintiff filed an answer and reply. Because this action was pending on its effective date, the Illinois Marriage and Dissolution of Marriage Act (hereinafter the Dissolution Act) applies. (Ill. Rev. Stat. 1979, ch. 40, par. 801(b).) The circuit court entered judgment dissolving the marriage and distributing the marital and nonmarital property. Plaintiff appealed, the appellate court affirmed (82 Ill. App. 3d 25), and we granted plaintiff's petition for leave to appeal (73 Ill. 2d R. 315(a)). The opinion of the appellate court adequately sets forth the evidence and the portions of the circuit court judgment concerning property distribution, and they will be reviewed here only to the extent necessary to discuss the issues.

As she did in the appellate court, plaintiff makes a number of contentions with respect to the alleged inequities of the property distribution. Because of the circumstances shown by this record and the issues presented, we must first determine whether under the provisions of section 503(a) of the Dissolution Act the increase in value of certain real estate, admittedly "non-marital property," was "marital property."

Section 503 of the Dissolution Act provides in part:

"(a) For purposes of this Act, 'marital property' means all property acquired by either spouse subsequent to the marriage, except the following, which is known as 'nonmarital property':

(1) property acquired by gift, bequest, devise or descent;

* * *

(5) the increase in value of property acquired before the marriage;

***

(b) All property acquired by either spouse after the marriage and before a judgment of dissolution of marriage or declaration of invalidity of marriage is presumed to be marital property, ***. The presumption of marital property is overcome by a showing that the property was acquired

by a method listed in subsection (a) of this Section.

(c) In a proceeding for dissolution of marriage *** the court shall assign each spouse's non-marital property to that spouse. It also shall divide the marital property without regard to marital misconduct in just proportions considering all relevant factors, including:

(1) the contribution or dissipation of each party in the acquisition, preservation, or depreciation or appreciation in value, of the marital and non-marital property, including the contribution of a spouse as a homemaker or to the family unit;

* * *

(4) the relevant economic circumstances of each spouse when the division of property is to become effective, ***;

* * *

(7) the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties;

* * *

(10) the reasonable opportunity of each spouse for future acquisition of capital assets and income." Ill. Rev. Stat. 1979, ch. 40, par. 503.

Although the issue was argued in plaintiff's brief in the appellate court, that court did not decide the precise question here presented. The appellate court, however, has held previously that the increased value of nonmarital property acquired after marriage and prior to dissolution is marital property. (*In re Marriage of Komnick* (1979), 78 Ill. App. 3d 599, *rev'd and remanded* (1981), 84 Ill. 2d 89; *In re Marriage of Preston* (1980), 81 Ill. App. 3d 672.) The Missouri Court of Appeals (*Hull v. Hull* (Mo. App. 1979), 591 S.W.2d 376) has held to the contrary. We note, too, that of States which, like Illinois, have enacted modified versions of the Uniform Marriage and Divorce Act, Colorado has provided that an increase in value of nonmarital property is marital property (Colo. Rev. Stat. sec. 14—10—113(4) (1974)); and Kentucky excludes from

marital property the increase in value of property acquired before marriage "to the extent that such increase did not result from the efforts of the parties during marriage" (Ky. Rev. Stat. sec. 403.190(2)(e)(1979)).

Upon consideration of the provisions of section 503 of the Dissolution Act we conclude that the General Assembly did not intend that the appreciated value of nonmarital property become marital property. Section 503(c) provides that upon dissolution the court shall "assign" the nonmarital property and "divide" the marital property. Division of the increased value would frequently necessitate division of the entire parcel or item of nonmarital property, and we are of the opinion that to thus subject the nonmarital property to division between the parties would contravene the legislative intent. The enhanced value of nonmarital property is of course to be considered in dividing the marital property (section 503(c)(4)) and in determining whether maintenance (Ill. Rev. Stat. 1979, ch. 40, par. 504) is appropriate and in what amount.

Although it cannot be ascertained from the record to what extent the circuit court considered the factors enumerated in section 503(c) in dividing the marital property, colloquy between court and counsel suggests that in making the maintenance award the court was of the opinion that it was not permitted to take into consideration the nonmarital property. This property, apparently worth $42,000, should have been taken into consideration in determining the amount of maintenance and the period during which it was to be paid. Insofar as the remainder of the property distribution is concerned, we agree with the appellate court that in entering its judgment the circuit court did not abuse discretion. With the exception of that portion of the judgment concerning the payment of maintenance the judgments of the appellate and circuit courts are affirmed, and as to that portion, the

judgments are vacated and the cause remanded to the circuit court of Cook County for proceedings consistent with this opinion.

*Appellate court affirmed in part and vacated in part; circuit court affirmed in part and vacated in part.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.