In re MARRIAGE OF MARY A. BELLUOMINI, Petitioner-Appellant, and STEVEN R. BELLUOMINI, Respondent-Appellee.—(LOLA BELLUOMINI, Intervening Petitioner.)

First District (1st Division)    No. 81-0203

Opinion filed February 1, 1982.—Rehearing denied March 8, 1982.

Edward R. Nathanson, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Lawrence Jay Weiner & Associates and Rinella & Rinella, Ltd., both of Chicago (Lawrence Jay Weiner, Fredric Bryan Lesser, and Barry A. Schatz, of counsel), for appellee.

JUSTICE GOLDBERG delivered the opinion of the court:

Mary Belluomini (petitioner) appeals from an order which made dissolution of her marriage to Steven R. Belluomini (respondent) effective June 8, 1980, and from the amount of maintenance and child support she was awarded.

The factual background of the instant case is fully set forth in our previous opinion *Belluomini v. Belluomini* (1979), 73 Ill. App. 3d 836, 392 N.E.2d 669. In brief summary, respondent lives in San Francisco, California, with Lola Belluomini, his wife of over 30 years. The couple has three children. Respondent made recurrent business trips to Chicago. He met petitioner, who was employed as a cocktail waitress at a Chicago hotel. They eventually became "closely intimate." Petitioner became pregnant. A child, Jeffrey, was born on May 19, 1974. Despite his valid marriage to Lola, respondent went through a marriage ceremony with petitioner in November of 1973. The parties never established a common residence.

In the original proceedings in the trial court, petitioner's request for a divorce was denied and respondent's request for an annulment was granted. The judgment was entered March 11, 1977. In addition, by supplemental judgment on June 15, 1977, the trial court granted petitioner $75 a week in child support for Jeffrey.

In our previous opinion, we found petitioner married respondent without knowledge of his previous marriage. Therefore, petitioner was the "injured party" under the law of Illinois then in effect (Ill. Rev. Stat. 1975, ch. 40, par. 1), and was entitled to her election of a divorce or annulment. (*Belluomini v. Belluomini* (1979), 73 Ill. App. 3d 836, 840-41). Because petitioner had chosen divorce, we reversed the order which had granted an annulment. The trial court was directed to enter a judgment for divorce, to "consider allowance of alimony to [petitioner] and to determine the nature, amount and duration of such allowance." (73 Ill. App. 3d 836, 843.) We affirmed all other aspects of the judgment. Our opinion was filed July 2, 1979.

On remand, Lola Belluomini intervened (Ill. Rev. Stat. 1979, ch. 110, par. 26.1) seeking to protect her interest in the respondent's assets and income. (See Ill. Rev. Stat. 1979, ch. 40, par. 305.) She submitted an affidavit attesting to the monthly expenses of her household. She estimated the total monthly expenditure at approximately $3,900. Included in her statement were the law school tuition and living expenses of her 24-year-old daughter, of approximately $8,500 annually, and tuition of $2,440 per year for the parochial school attended by her youngest daughter. Her affidavit also included rent of $700 per month, and a $750 monthly clothing allowance for herself and respondent.

Petitioner also submitted an affidavit representing her "proposed" monthly expenditures. She estimated the total of her and Jeffrey's expenses to be $1,778 a month. Included in her estimate were $350 monthly rent, $200 in automobile maintenance, and $200 for Jeffrey's tuition at a parochial school.

At the alimony hearing the following evidence was adduced. Respondent was 53 years old and had an average annual income of approximately $49,500. He also owns a vested interest in a profit sharing trust sponsored by his employer. The value of the trust at the time of trial was approximately $53,000. He does not own an automobile, stocks, bonds or real estate.

Petitioner, 36 years old on the date of the hearing, lives with her son in the home of her parents. She has lived there since 1972. She and her parents are owners of record of the home, but her parents have made all the mortgage payments. Petitioner does not make regular contributions to the household. She contributes some money for rent and food only when she is able.

Since 1968 petitioner has suffered from recurrent benign breast tumors. She has undergone seven operations to remove these tumors. Petitioner has also suffered from a respiratory ailment, pseudomonas, and has been diagnosed to have a heart murmur. At time of trial, however, petitioner was not under medication for either condition. Petitioner estimated her personal medical expenses to be $30 a month. She has not been gainfully employed since 1974, and does not have an automobile, money, or other assets. She is totally dependent for support on her parents, and on support payments by respondent.

Jeffrey was born with a congenital partial paralysis of the pupil of his left eye. He requires special glasses and regular medical supervision. Petitioner estimated her medical expenses on behalf of Jeffrey at $50 a month. Jeffrey currently attends a Chicago public school, but petitioner wishes him to attend a parochial school near their home.

The judgment for divorce presently appealed from became effective by its terms as of June 8, 1980. In addition the trial court awarded petitioner an unallocated sum of $450 per month as alimony and child support through the minority of Jeffrey pending petitioner's death or remarriage, and attorney fees. The trial court also found respondent was then currently in arrears $3,011 in child support payments which accrued pursuant to the supplemental judgment of June 15, 1977. The trial court rejected petitioner's contention that respondent was in arrears an additional $2,819. The court likewise declined to assess interest on the arrearage, and rejected petitioner's contention that the original order entered July 30, 1975, required respondent to pay petitioner 15% of his annual bonuses received past 1976.

In this court petitioner contends the trial court's determination of alimony and child support was inadequate and unjust considering the respective conditions of the parties. Petitioner argues the trial court should have made the dissolution of marriage effective March 11, 1977, rather than July 8, 1980; she is entitled to reasonable alimony or maintenance effective as of March 11, 1977; the trial court erroneously computed the child support arrearage due petitioner; the order specifying unallocated child support and alimony was improper; and petitioner was entitled to 15% of respondent's annual bonuses from July 30, 1975, to the effective date of the judgment for divorce.

The respondent contends the judgment for divorce was properly entered on July 8, 1980; the trial court acted within its discretion in ordering unallocated child support and maintenance, in denying interest on past child support arrearages and in denying additional arrearages; petitioner is not entitled to 15% of respondent's bonuses paid after 1975, and respondent is entitled to a judgment for annulment.

## I

■■ First, we must decide which law governs the instant appeal. In our earlier opinion we held the prior Illinois divorce law was applicable because the notice of cross-appeal was filed on September 30, 1977, the day before the current law became effective. (*Belluomini v. Belluomini* (1979), 73 Ill. App. 3d 836, 840.) However, because the issues involved in the present appeal became pending in the trial court after the effective date of the current act, the new act applies. Ill. Rev. Stat. 1979, ch. 40, par. 801(b); *Bentley v. Bentley* (1981), 84 Ill. 2d 97, 99, 417 N.E.2d 1309.

## II

Next, we must decide on what date the dissolution of marriage became effective. In our mandate to the trial court and in our earlier opinion, we stated the "judgment of March 11, 1977, * * * [for annulment] is reversed and the cause is remanded with directions for entry of a proper judgment for divorce in favor of [petitioner] * * *."

Petitioner avers the trial court erroneously made the dissolution of marriage effective July 8, 1980. Petitioner argues the action was contrary to the mandate of this court to enter a "proper judgment for divorce." Petitioner's theory is the reversal by this court of the annulment entered on March 11, 1977, indicated the trial court should initially have entered a dissolution on that date. Therefore, on remand, the trial court should have made the dissolution effective from the date of the erroneous annulment. Otherwise, petitioner contends, there would be implicit judicial sanction to a bigamous situation existing between 1977 and 1980, *i.e.*, the concurrent marriages of respondent to both petitioner and his first wife.

Respondent counters that the trial court was correct in making the dissolution effective from the date judgment was entered, July 8, 1980. Respondent argues the order of the trial court was not violative of this court's mandate and making the dissolution effective retroactively from March 11, 1977, would constitute a *nunc pro tunc* order which was beyond the authority of the trial court. We do not agree with either argument.

We do not believe our mandate required the trial court to order a dissolution retroactive from the date of the erroneous annulment. The opinion and the mandate specify no date upon which the divorce should be effective. On the other hand, we do not believe it is either logical or equitable for the opinion of this court to become effective more than a year after it was pronounced. Upon our reversal of the annulment we mandated the entry of a proper dissolution on behalf of petitioner. In this regard, the trial court had no discretion. (See *PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 308, 427 N.E.2d 563; *Bradley v. Howard Hembrough Volkswagen, Inc.* (1980), 89 Ill. App. 3d 121, 124, 411 N.E.2d 535.) Therefore, no hearings were required before judgment for dissolution could be entered.

■■ The mandate of the appellate court is simply the vehicle by which the judgment is transmitted to the trial court. The judgment of the appellate court becomes effective upon the date it is entered. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 304.) We see no reason why the dissolution of marriage should not be effective from the date this court filed its opinion requiring the trial court to enter the judgment. Therefore, we hold the dissolution of marriage between these parties became effective July 2, 1979, the date our opinion was filed.

We agree with petitioner that she is entitled to maintenance, as well as child support, from July 2, 1979, the effective date of dissolution of the marriage. Therefore, she is presently entitled to the difference between the child support actually paid by respondent from July 2, 1979, to July 8, 1980, and the amount she would have received had the dissolution been effective on July 2, 1979. Respondent was required to pay $75 per week in child support pursuant to the order of June 15, 1977, and is currently required to pay an unallocated sum of $450 per month in child support and maintenance pursuant to the final order of the trial court entered July 8, 1980. We have thus made the unallocated payment of child support and maintenance effective retroactively to July 2, 1979. We therefore calculate petitioner is entitled to an additional payment in the amount of $1,524.66 for the period from July 2, 1979, to July 8, 1980.

### III

Next we must determine the propriety of the unallocated award of

$450 per month for maintenance and child support. Petitioner contends the amount of the award is inequitable and it should be increased and allocated between maintenance for petitioner and child support for Jeffrey. Petitioner cites the relatively comfortable life style of the Belluomini California household and compares it to the relatively modest income she receives. Petitioner also contends it was improper for the trial court to consider the educational expenses of the Belluomini's eldest daughter, who was then attending law school.

■■ Initially, we must stress the determination of maintenance is largely discretionary with the trial court. (*In re Marriage of Asch* (1981), 100 Ill. App. 3d 293, 296, 426 N.E.2d 1066.) In a situation such as the case at bar, the trial court should not enter an order which would be substantially inconsistent with the interests of respondent's first wife and family. (Ill. Rev. Stat. 1979, ch. 40, par. 305.) Furthermore, the new act specifically condones the payment of educational expenses beyond the emancipation of a child. (Ill. Rev. Stat. 1979, ch. 40, par. 513.) For these reasons, it was not an abuse of discretion for the trial court to consider the current life style of Lola Belluomini and her family and to include the educational expenses of their nonminor child, in its determination of maintenance to petitioner.

■■ We believe the limitation of maintenance for petitioner herself is justified because of the short duration of the marriage and the fact that the parties had not established a marital standard of living. (Ill. Rev. Stat. 1979, ch. 40, par. 504(b).) We do not believe, however, that the obvious distinction between respondent's marriages to petitioner and Lola should have a bearing upon the proper support of the child Jeffrey. Jeffrey is no less a child of respondent than are his children in California. Jeffrey is therefore entitled to the same, or at least similar, benefits as the others.

The record indicates respondent's youngest daughter in California is receiving a parochial education. Petitioner testified she desired Jeffrey also to receive such an education. It is manifest from the judgment of the trial court that the educational expense of Jeffrey at a parochial school was not included in the award of child support. Therefore, we hold the unallocated award to petitioner is to be increased by $200 a month to a total of $650, from the date hereinafter stated to provide for Jeffrey's parochial education. We believe this allowance will offer Jeffrey benefits enjoyed by respondent's other children while not inflicting an undue hardship on respondent's family in California.

■■ Concerning the allocation of the award between maintenance and child support, the trial court is allowed, even encouraged, to consider tax consequences in making its determination. (See *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 431 N.E.2d 1.) Because of the obviously disparate tax situations of the parties, the trial court did not abuse its

discretion in specifying unallocated payments to reduce the tax burden on respondent. Therefore, the decision of the able trial judge in providing that the payments by respondent be unallocated between child support and maintenance is affirmed.

## IV

We now address the issue of child support arrearages. Petitioner contends the trial court erred in not sustaining her claim that respondent was in arrears $5,830 rather than $3,011, and in not assessing interest on the arrearage. We disagree.

■■ The question of the amount owed petitioner by respondent is a factual question for the determination of the trial court, and its decision will not be disturbed unless it is contrary to the manifest weight of the evidence. (See *In re Marriage of Jones* (1980), 90 Ill. App. 3d 95, 96, 412 N.E.2d 1122.) In the case at bar we cannot say the finding of the trial court as to the amount of arrearage in support payments is contrary to the manifest weight of the evidence. Therefore, this judgment is affirmed.

■■ The assessment of interest upon arrearages is a matter of discretion for the trial court. (*Finley v. Finley* (1980), 81 Ill. 2d 317, 332, 410 N.E.2d 12.) There is nothing in the current record to suggest an abuse of discretion in not assessing interest. Therefore the judgment denying interest is affirmed. However, this decision does not in any way preclude the future assessment of interest in the event respondent hereafter becomes delinquent in future payments.

## V

■■ Petitioner contends she is entitled to 15% of respondent's annual bonuses from 1975 to the effective date of their divorce pursuant to a court order of July 30, 1975. In that order the court awarded petitioner 15% of respondent's income as "temporary" maintenance and support. By order filed March 11, 1976, the trial court modified this temporary order to $50 per week and declared respondent in arrears in payments of the original temporary maintenance. The March 11, 1976, order did not indicate that the 15% formula would extend beyond the effective period of the earlier order. Therefore, we conclude the original order directing the payment of 15% of respondent's annual bonus as temporary maintenance was superseded by the later order for temporary maintenance. The judgment of the trial court in denying petitioner's claim to a percentage of respondent's bonuses received after March 11, 1976, is affirmed.

## VI

■■ Finally, respondent asserts he is entitled to an annulment and prays this court to reverse the dissolution of marriage and direct judgment for

annulment. Our previous opinion expressly reversing the judgment for annulment and directing judgment for dissolution of the marriage has become the law of the case, and we are constrained to act in accordance with our previous decision. (*PSL Realty Co. v. Granite Investment Co.* (1981), 86 Ill. 2d 291, 312.) Therefore, the judgment for dissolution is affirmed.

The judgment of the trial court granting petitioner a dissolution of marriage is accordingly affirmed but is modified to be effective as of July 2, 1979. The trial court is directed to require respondent to pay petitioner the sum of $1,524.66 in additional child support and maintenance for the period from July 2, 1979 to July 8, 1980. Insofar as the trial court awarded unallocated child support and maintenance to petitioner the judgment is affirmed. However, the trial court is directed to increase the amount of said payments to $650 per month, effective from the date this opinion is filed. In all other respects the judgment of the trial court is affirmed.

Affirmed in part, modified in part and remanded with directions.

CAMPBELL, P. J., and McGLOON, J., concur.