(No. 54187.—)

*In re* MARRIAGE OF JEANETTA E. LEE, Appellee, and HARRY F. LEE, Appellant.

*Opinion filed November 20, 1981.*

John F. Boos, of Peoria, for appellant.

James Lewis, of Peoria, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The circuit court of Peoria County awarded plaintiff, Jeanetta Lee, $6,000 as her share of the proceeds derived from the sale of a residence owned by defendant, Harry Lee, at the time of their marriage. The appellate court, with one justice specially concurring in the results, affirmed, holding that defendant's nonmarital property was commingled with marital property, thereby transmuting the entire property into marital property. 88 Ill. App. 3d 1044.

The first issue raised is whether the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) provides for the "transmutation of property" theory utilized by the appellate court. Then, we must determine if the trial court erred in awarding plaintiff one-half of the net proceeds attributable to improvements made to the residence during her marriage to defendant.

On November 1, 1978, after five years of marriage, the trial court granted a dissolution to the parties. At the subsequent hearing regarding distribution of property, the evidence revealed that, prior to his marriage, defendant owned a residence in Peoria valued at $12,500. Plaintiff had no legal interest in the house. The parties lived in this home

while they were married, during which time $20,000 was expended upon improvements to the residence. Of this $20,000, $12,000 was paid from marital funds and $8,000 was borrowed. Subsequently, defendant sold the house to his adopted daughter for $32,500, a figure which was arrived at by adding the purchase price to the $20,000 in improvements.

The trial court found the value of the residence to be $32,500. It concluded that $12,500 (the acquisition price) was nonmarital property and that after the $8,000 loan was deducted, $12,000 in improvements constituted a species of marital property, of which plaintiff was entitled to half as her share of the proceeds. The appellate court held that the entire property was transmuted into marital property, which should be apportioned according to the contribution of each party. It found that the trial court erred in terming the original value of the residence nonmarital, yet upheld the circuit court's ruling because "it had the same practical effect of recognizing [defendant's] original contribution to the value of the property." The court then found that, in the absence of any evidence showing that one spouse contributed more than the other, the trial court's distribution of the net proceeds realized from the improvements was proper. 88 Ill. App. 3d 1044, 1047.

As we recently held in *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 531-32, where there has been contribution of marital property to nonmarital property, the entire property is rebuttably presumed to be transmuted to marital property.

Defendant argues the improvements represent an increase in value of property acquired before the marriage and are, therefore, nonmarital property under section 503(a)(5). He asserts that the increase in value of the residence is no different than an increase in value by appreciation which this court held to be nonmarital property in *In re Marriage of Komnick* (1981), 84 Ill. 2d 89, and *Bentley v. Bentley*

(1981), 84 Ill. 2d 97. Defendant also argues that plaintiff made no contribution to the improvements. Plaintiff argues that the $12,000 in improvements came out of marital income, and that she is entitled to a share of the proceeds received for those improvements.

Under section 503(b), the presumption is that all property acquired by either spouse after marriage is marital property. In *In re Marriage of Komnick* (1981), 84 Ill. 2d 89, and *Bentley v. Bentley* (1981), 84 Ill. 2d 97, that presumption was overcome when it was shown that the increase in value of property acquired before the marriage was "substantially attributable to external economic factors and not to any capital improvements made upon the land." (*In re Marriage of Komnick* (1981), 84 Ill. 2d 89, 92.) The rationale underlying *Komnick* was that appreciation in value of property acquired before marriage is nonmarital because it increased in value without any enhancement on the part of the marital parties. The court in *Komnick* clearly indicated that the decision was limited to an increase in value due solely to inflationary factors. 84 Ill. 2d 89, 95.

Here, the increase in value was not attributable to inflationary factors; it was clearly the result of contribution by the parties. The record reveals that the improvements to the home were made during the marriage while plaintiff and defendant resided there. Twelve thousand dollars in improvements came from marital income, the remainder from a loan. While married, the plaintiff worked as a secretary earning between $80 and $125 per week. This income was used primarily for family and household expenses. Plaintiff testified that in addition to working eight hours a day, she cleaned house, did the laundry, cooked the meals, and took care of two children from her previous marriage. We hold the $12,000 in proceeds attributable to the improvements to which both parties contributed constitutes marital property, thereby creating the presumption, unrebutted in this case, that the entire residence was trans-

muted into marital property. See *In re Marriage of Smith* (1981), 86 Ill. 2d 518. After property has been characterized as marital property, it is apportioned taking into account each spouse's contributions, as well as the other enumerated factors under section 503(c). We conclude that when plaintiff's contributions are taken into account under section 503(c), the trial court was not in error when it awarded her $6,000 of the proceeds realized from the improvements.

On the basis of the views expressed herein, the judgment of the appellate court is affirmed.

*Judgment affirmed.*