*In re* MARRIAGE OF PAMELA SCHAUFELBERGER, Petitioner-Appellee, and DOUGLAS SCHAUFELBERGER, Respondent-Appellant.

Fifth District   No. 82—709

Opinion filed November 22, 1983.—Rehearing denied December 23, 1983.

James E. Ligman, of Kaucher and Ligman, of Belleville, for appellant.

Meyer & Meyer, of Greenville, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Douglas Schaufelberger (respondent) and Pamela Schaufelberger (petitioner) were married in 1974, and their marriage was dissolved by a judgment entered in the circuit court of Bond County on August 31, 1982. On appeal, respondent attacks that portion of the judgment relating to the division of property, arguing that the division constitutes an abuse of discretion, and that the record is devoid of evidence of the value of certain stock owned by respondent as nonmarital property. For the reasons which follow, we affirm the judgment of the circuit court.

In asserting that the property distribution made by the trial court constitutes an abuse of discretion, respondent specifically complains of that portion of the judgment ordering respondent to pay

$53,000 to petitioner "as her equitable portion of the marital assets." In reviewing a property distribution upon dissolution of marriage, we will find an abuse of discretion only where no reasonable person would take the view adopted by the trial court. (*In re Marriage of Lee* (1979), 78 Ill. App. 3d 1123, 1127, 398 N.E.2d 126, 129.) The evidence adduced at the hearing in this case indicated that, at the time the parties separated, they owned 5,000 bushels of stored corn and 10,000 bushels of stored soybeans. Respondent testified that the corn was sold at "$2.50 or $2.80" per bushel, and that the soybeans were sold for between $8 and $9 per bushel. Moreover, the parties owned 20 dairy cows at the date of separation, and respondent subsequently sold these cows for over $17,000. The combined proceeds from the sales of the crops and cows thus totaled over $100,000, and we cannot say that the court abused its discretion in awarding $53,000 to petitioner as her share of these marital assets. While respondent also asserts that the marital debts should be divided equally, the testimony established that nearly all of the debt stemmed from the purchase of farm equipment, and that respondent alone had signed the notes by which this debt was incurred. We note also that the proposed distribution submitted by respondent suggested that respondent be held liable for all of the debt incurred for the farm machinery, and that, in any event, petitioner's need for kidney dialysis treatment three times weekly substantially limits her ability to earn enough income to be able to contribute to the payment of the debt. Compare *In re Marriage of Clearman* (1981), 97 Ill. App. 3d 641, 648, 423 N.E.2d 283, 288.

Respondent next contends that the absence of any evidence regarding the value of the stock awarded to him as nonmarital property compels reversal and remandment for a new hearing. We disagree. In *In re Marriage of Cuisance* (1983), 115 Ill. App. 3d 551, 450 N.E.2d 1302, the court held that the failure of a party to offer evidence as to the value of assets does not necessarily waive the right to appeal on this issue. The court in *Cuisance* reasoned that where there is no evidence in the record of the value of marital and nonmarital property, there is no basis upon which a reviewing court can evaluate a propriety of the trial court's award of marital property. (115 Ill. App. 3d 551, 556.) A different conclusion was reached, however, in *In re Marriage of Smith* (1983), 114 Ill. App. 3d 47, 448 N.E.2d 545. Noting that neither party had presented the court with solid evidence of the value of the property in question, the court in *Smith* nonetheless affirmed the property distribution of the trial court, stating:

"Reviewing courts cannot continue to reverse and remand dis-

solution cases where the parties have had an adequate opportunity to introduce evidence but have failed to do so. Parties should not be allowed to benefit on review from their failure to introduce evidence at trial. [Citations.] Remanding cases such as the one before us would only protract the litigation and clog the trial courts with issues which should have been disposed of at the initial hearing." 114 Ill. App. 3d 47, 54-55.

■ In our view, the rationale articulated in *Smith* is particularly appropriate here. Evidence as to value of the stock could do nothing other than show that respondent's financial worth is greater than that shown by the record in its current state, and we cannot see how such a showing could work to respondent's benefit insofar as the division of marital property is concerned.

For the foregoing reasons, the judgment of the circuit court of Bond County is affirmed.

Affirmed.

WELCH and KARNS, JJ., concur.