*In re* MARRIAGE OF FRANCES A. BROWN, Petitioner-Appellant, and MICHAEL W. BROWN, Respondent-Appellee.

Fifth District   No. 5—83—0808

Opinion filed August 16, 1984.—Rehearing denied September 13, 1984.

Conger & Elliott, P.C., of Carmi, for appellant.

Endicott & Finch, of Carmi, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Frances Brown, petitioner, and Michael Brown, respondent, were

married in 1964, and their marriage was dissolved by a judgment entered in the circuit court of White County on December 10, 1980. Following entry of the judgment of dissolution, petitioner appealed to this court, and respondent cross-appealed. (*In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 443 N.E.2d 11.) We reversed the judgment and remanded for a new hearing on the issues of property division, maintenance and child support, finding that the trial court had erred in classifying respondent's one-half interest in Brown's Feed and Chemical Store, a partnership between respondent and his father, as nonmarital property. (110 Ill. App. 3d 782, 784-87.) We also found that the court had undervalued respondent's interest in the partnership by $57,071. (110 Ill. App. 3d 782, 787-88.) On remand, in a judgment entered on November 2, 1983, the trial court awarded petitioner an additional cash sum of $28,535.50, exactly one-half the amount by which the respondent's interest in the feed store had been undervalued in the original judgment. The court also awarded petitioner an additional three years' maintenance at $500 per month, and $5,000 as additional attorney fees. The remainder of the judgment was not changed. Petitioner now appeals from this second judgment.

Our evaluation of the judgment on remand must be preceded by a determination of whether the trial court was obligated to consider the effect of certain amendments made to section 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1981, ch. 40, par. 503) between the date of our original mandate and the date on which the second judgment was entered. In our original opinion, we held, citing *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239, and *In re Marriage of Lee* (1981), 87 Ill. 2d 64, 430 N.E.2d 1030, that respondent's interest in Brown's Feed and Chemical Store, while originally nonmarital, was transmuted into marital property by the partnership's retention of earnings made by respondent during the marriage and classifiable as marital property. (*In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 785-86.) In so holding, we relied specifically on that portion of *Smith* in which our supreme court indicated that "where a spouse who holds nonmarital property causes it to be commingled with marital property, or with nonmarital property of the other, we hold that the commingled property is presumed to be marital property." (*In re Marriage of Smith* (1981), 86 Ill. 2d 518, 529, 427 N.E.2d 1239.) Our opinion was filed on December 3, 1982, and our mandate issued on January 13, 1983.

On August 19, 1983, between the issuance of our mandate and the entry of the trial court's judgment on remand, the General Assembly enacted Public Act 83-129. The section of that act pertinent here

amended Section 503(c) of the Illinois Marriage and Dissolution of Marriage Act. The amended section states:

"(c) Commingled marital and non-marital property shall be treated in the following manner, unless otherwise agreed by the spouses:

(1) When marital and non-marital property are commingled by contributing one estate of property into another resulting in a loss of identity of the contributed property, the classification of the contributed property is transmuted to the estate receiving the contribution, subject to the provisions of paragraph (2) of this subsection; provided that if marital and non-marital property are commingled into newly acquired property resulting in a loss of identity of the contributing estates, the commingled property shall be deemed transmuted to marital property, subject to the provisions of paragraph (2) of this subsection.

(2) When one estate of property makes a contribution to another estate of property, or when a spouse contributes personal effort to non-marital property, the contributing estate shall be reimbursed from the estate receiving the contribution notwithstanding any transmutation; provided, that no such reimbursement shall be made with respect to a contribution which is not retraceable by clear and convincing evidence, or was a gift, or, in the case of a contribution of personal effort of a spouse to non-marital property, unless the effort is significant and results in substantial appreciation of the non-marital property. Personal effort of a spouse shall be deemed a contribution by the marital estate. The court may provide for reimbursement out of the marital property to be divided or by imposing a lien against the non-marital property which received the contribution." Ill. Rev. Stat. 1983, ch. 40, par. 503(c).

There can be little doubt but that Public Act 83—129 constitutes a legislative rejection of the rationale of *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239, and *In re Marriage of Lee* (1981), 87 Ill. 2d 64, 430 N.E.2d 1030, the cases relied on in our original opinion. (See generally Feldman & Fleck, *Taming Transmutation: A Guide to Illinois' New Rules on Property Classification and Division upon Dissolution of Marriage*, 72 Ill. B.J. 336 (1984).) We believe, however, that Public Act 83—129 does not apply to the case at bar. In *In re Marriage of Carney* (1984), 122 Ill. App. 3d 705, 462 N.E.2d 596, the court, in reversing and remanding a judgment entered by the trial court prior to the effective date of Public Act 83—129, instructed the trial court to apply on remand the law as it ex-

isted at the time the original judgment was entered, notwithstanding that the appellate court opinion was filed and the new hearing would be held after August 19, 1983, the effective date of the amendments. (122 Ill. App. 3d 705, 714-15.) In support of its holding, the court in *Carney* relied on *In re Marriage of Sweet* (1983), 119 Ill. App. 3d 1033, 458 N.E.2d 14, in which the court used the guidelines set forth in section 801(d) of the Illinois Marriage and Dissolution of Marriage Act to determine whether an amendment to that act should be applied to the new hearings ordered by the court:

> "Section 801(d) of the Act (Ill. Rev. Stat. 1981, ch. 40, par. 801(d)) provides that '[i]n any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this Act, the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial and any subsequent trial ***.' Although Section 801(d) is addressed to the Act itself, in our judgment it should be applied to amendments as well. No case has been cited or found which has applied the foregoing statutory provision to amendments [;] however[,] an analysis of the policy underlying section 801(d) shows that the purpose of the provision, as suggested by the Commissioner's Comments to the uniform law from which the provision was adopted, appears to be an effort to allow the correction on appeal or in a new trial of errors made in applying the law in effect at the time of the original hearing pursuant to that law and that changing the rules on appeal or at the new trial would be unfair to the party prejudiced by the error. 9A Uniform Laws Annotated sec. 502, at 219 (1979); see *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 833, 370 N.E.2d 1309, cited with approval in *West v. West* (1979), 76 Ill. 2d 226, 233, 390 N.E.2d 880.
>
> The mandate issued in the first appeal of the instant case required the circuit court to conduct necessary hearings in order to establish a proper basis for the custodial award under section 610(b) of the Act. In this instance, further hearings will be treated as equivalent to a new trial under section 801(d). [Citations.] Accordingly, the statute to be applied to the facts and circumstances herein presented is section 610(b) as it existed prior to the July 1, 1982, amendment." 119 Ill. App. 3d 1033, 1040-41.

■ We note that the phrase "order sustaining the appeal," as used in section 801(d), refers not to the judgment entered by the reviewing court upon the appeal, but rather the order of the trial court

which forms the basis of the appeal. (*Sommer v. Borovic* (1977), 69 Ill. 2d 220, 238, 370 N.E.2d 1028.) Moreover, as noted in *Carney*, the Historical and Practice Notes to section 801(d) indicate that the purpose of that section is to "allow the correction on appeal or in a new trial of errors made in applying the law in effect at the time of the *original* hearing pursuant to that law." (Emphasis added.) (Ill. Ann. Stat., ch. 40, par. 801(d), Historical and Practice Notes, at 166 (Smith-Hurd 1980).) Given that Public Act 83—129, like adoption of the Illinois Marriage and Dissolution of Marriage Act itself, operates to effect a significant change in Illinois marriage law, we believe that the application of section 801 to the amendment in question here is both reasonable and appropriate. Accordingly, we agree with the holding in *Carney*, and conclude that the trial judge acted properly here in not applying the amended statute on remand.

██ █ Next, we address petitioner's contention that the judgment entered on remand constitutes an abuse of discretion. While we recognize that a trial court will be held to have abused its discretion regarding property distribution only where no reasonable person would take the view adopted by the trial court (*In re Marriage of Schaufelberger* (1983), 120 Ill. App. 3d 114, 116, 457 N.E.2d 993), we are compelled to conclude that such an abuse did occur here. While the effect of our initial opinion in this cause was to add over $255,000 to the amount of marital property available for distribution between the parties, the trial court awarded petitioner only an additional $28,535.50, an amount equal to exactly one-half of the amount by which respondent's interest in the feed store had been found to be undervalued in our prior opinion (*In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 787-88). It appears that the trial judge may have been under a misapprehension as to his authority to award petitioner additional property following our prior opinion, given the court's comment at the hearing on remand that the miscalculation of the value of respondent's interest in the store, rather than the error in classifying that interest as nonmarital, was "the main error that the appellate court found." In any event, we are compelled to conclude that the awarding of over 85% of the value of the partnership interest to respondent so drastically favors respondent as to render the property distribution an abuse of the court's discretion, particularly given the length of the parties' marriage and the fact that marital property, in the form of retained earnings, accounted for much of the increase in the value of respondent's interest in the partnership. In reaching this conclusion, we are mindful that the court also ordered respondent to pay petitioner an additional three years' maintenance at $500 per

month. These additional payments, however, do not commence until September 1, 1986, and we cannot say that they operate to bring the overall distribution back into reasonable balance.

While we are reluctant to further prolong this litigation, the foregoing errors compel us to reverse the judgment of the trial court and remand for a new hearing. On remand, for the reasons earlier stated, the trial court shall again adhere to the mandate of our first opinion, and shall not consider the effect of Public Act 83—129 on section 503 of the Illinois Marriage and Dissolution of Marriage Act. Also, our reversal of the property distribution requires that the court again reexamine the maintenance, child support and attorney fee awards as well. *In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 788, 443 N.E.2d 11.

Reversed and remanded.

WELCH, P.J., and KARNS, J., concur.