*In re* MARRIAGE OF MARTIN DOYLE HARMON, Petitioner-Appellant, and TERRIE LEE HARMON, Respondent-Appellee.

Fifth District   No. 5—84—0676

Opinion filed May 30, 1985.—Rehearing denied July 8, 1985.

Gary W. Finch, of Endicott & Finch, of Carmi, and H. Carroll Bayler, of Louisville, for appellant.

Brent D. Holmes, of Harlan Heller, Ltd., of Mattoon, for appellee.

JUSTICE KARNS delivered the opinion of the court:

Martin Harmon appeals from the judgment of the circuit court of Clay County, which distributed property and fixed child support following dissolution of marriage to Terrie Harmon. Martin contends that the trial court erred when it failed to follow the substantive changes in the law of property disposition brought about by the amendments to section 503 of the Illinois Marriage and Dissolution of Marriage Act, which were in effect when this cause was tried. (Ill. Rev. Stat. 1983, ch. 40, par. 503.)

Effective August 19, 1983, section 503 of the Act was amended by Public Act 83—129, which enacted substantial changes which were ignored in the classification and disposition of property in the judgment of dissolution as initially entered. When the amendments to the Act were brought to the attention of the trial court, it conformed the judgment to the scheme of the Act as amended, but did not, in our opinion, follow the substantive requirements of section 503, as

amended. See Ill. Ann. Stat., ch. 40, par. 503, Supplement to Historical and Practice Notes, at 46 (Smith-Hurd 1984-85).

The parties were married in 1977. They have two children, and Martin has custody of a child from a previous marriage. Martin owned extensive assets, consisting of real estate, cattle, farm and sawmill equipment, a home and bank accounts and personal items prior to the marriage. At the time of the marriage, Martin was indebted on contracts to purchase real estate. Terrie's nonmarital property included a car, $200 to $300 in a checking account, clothing and other personal items.

During their six-year marriage, the parties acquired real estate approximating 255 acres, and incurred substantial additional debts. Improvements were made to marital and nonmarital real estate. During the marriage many items of personal property and equipment were acquired by Martin or his corporation, M. D. Harmon, Inc. Both spouses contributed significantly to the successful operation of the corporate business. The record contains extensive and conflicting testimony, accounting reports and appraisals concerning the value of most marital and nonmarital property. Many items of personal property do not appear to have been assigned a value. The parties invite us to enter an appropriate disposition under the power granted us by Supreme Court Rule 366(a)(5) (87 Ill. 2d R. 366(a)(5)); however, we believe that this record presents a far too complex and contested matter to permit us either to affirm the judgment of the trial court or to make what we might consider appropriate adjustments thereto.

In its original judgment the trial court awarded Terrie $150,000 "in adjustment of her marital rights and contributions." This was based upon a specific finding that all property held by either party became marital property because of transmutation. (See Ill. Rev. Stat. 1983, ch. 40, par. 503(c).) Following further argument on Martin's petition to modify or vacate judgment, the trial court's only action was to withdraw its finding of transmutation and affirm the award of $150,000 "as being based upon the wife's share of the marital property accumulated during the marriage and as fair reimbursement of the wife's share of the marital contributions made to the husband's non-marital property during the marriage." This we believe was an abuse of discretion, in that the amended act unequivocally requires that reimbursement for marital contributions must be traceable by clear and convincing evidence. Ill. Rev. Stat. 1983, ch. 40, par. 503(c)(2).

The trial court was guided by our decision in *In re Marriage of Brown* (1982), 110 Ill. App. 3d 782, 443 N.E.2d 11, and, in following

*Brown*, misapplied the law in effect at the time of the property disposition. Our court in *Brown* relied heavily on *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239, and *In re Marriage of Lee* (1981), 87 Ill. 2d 64, 430 N.E.2d 1030, in holding that the husband's one-half interest in partnership property acquired by gift, although nonmarital property, was transmuted into marital property by commingling with marital property. In an opinion in a second appeal in the same case, however (which was filed after the original judgment in this case, but before the trial court's amended property disposition order), we recognized that Public Act 83—129 constitutes a legislative rejection of the rationale espoused in *Smith* and *Lee.* (*In re Marriage of Brown* (1984), 127 Ill. App. 3d 831, 833, 469 N.E.2d 612, 614.) Even before the effective date of the amendments to section 503 of the Act, in *In re Marriage of Olson* (1983), 96 Ill. 2d 432, 451 N.E.2d 825, the supreme court said that *Smith* should not be read so strictly as to render the concept of nonmarital property illusory. Every act of commingling or every use of marital funds for the maintenance of nonmarital property should not work a transmutation. (96 Ill. 2d 432, 440, 451 N.E.2d 825, 829.) The amendments to the Act require a rejection of the concept of transmutation as set forth in *Smith* and *Olson.* See generally Feldman & Fleck, *Taming Transmutation: A Guide to Illinois' New Rules on Property Classification and Division upon Dissolution of Marriage,* 72 Ill. B.J. 336 (1984).

Feldman and Fleck in their authoritative article note that the new legislation was designed to provide workable standards to lend predictability and consistency to property dispositions following dissolution:

"It prevents the otherwise unavoidable transmutation of most nonmarital property by providing that, when marital funds are contributed to nonmarital property, the nonmarital property retains its classification and the marital funds are transmuted to nonmarital. Conversely, if nonmarital funds are contributed to marital property, the marital property retains its classification and the nonmarital funds are transmuted. Then, to fairly compensate for contributions by one estate to another, and eliminate the unfairness of transmutation, the amendment provides rights to reimbursement for the contributing estate.

Specifically, the amendment changes former law by providing that:

1. The increase in value of nonmarital property, however achieved, is classified as nonmarital property, subject to the

right to reimbursement. (Sec. 503(a)(7))

2. The income from nonmarital property, if not attributable to the personal effort of a spouse, is also nonmarital. (Sec. 503(a)(8))

3. When property from one estate has been contributed to property from another estate so that the contributed property loses its identity, the contributed property is transmuted into the character of the recipient estate, subject to a right to reimbursement. (Sec. 503(c)(1))

4. When items of property from different estates have been commingled into newly acquired property so that each loses its identity, the newly acquired property is marital property, subject to a right to reimbursement. (Sec. 503(c)(1))

5. When one estate of property, whether marital or nonmarital, has contributed property to another estate, the contributing estate is entitled to reimbursement from the recipient estate, provided that the contribution is traceable and was not a gift. (Sec. 503(c)(2))

6. When one spouse has contributed personal effort to nonmarital property, the marital estate shall be entitled to reimbursement if the effort was significant and resulted in substantial appreciation of the nonmarital property. (Sec. 503(c)(2))

7. The rights to reimbursement are not affected by any transmutation of the character of property provided for in section 503(c)(1). (Sec. 503(c)(2))

8. Reimbursement may be made out of the marital property to be divided or by imposing a lien on nonmarital property. (Sec. 503(c)(2))." 72 Ill. B.J. 336, 338.

In this highly contested matter, where the respective experts' figures are inconsistent in virtually every respect, the parties agree that there has been a significant change in the law to be applied. Because of the nature and extent of property in the marital and nonmarital estates, we believe this case must be remanded for proper consideration in light of the new amendments to section 503. We cannot justify the trial court's shift from total transmutation to no transmutation while awarding Terrie the identical amount without further consideration of those factors which the new amendment requires; this is not to suggest any amount to which she may be entitled.

In accordance with these views we decline to award or divide the property at issue. This cause is remanded for a new hearing on all contested issues. Our reversal of the property disposition requires

that the court reexamine the award of maintenance, child support and the issue of attorney fees. *In re Marriage of Brown* (1984), 127 Ill. App. 3d 831, 836, 469 N.E.2d 612, 615-16.

Reversed and remanded.

KASSERMAN and HARRISON, JJ., concur.