Robert Leroy KRAMER, Appellant,

v.

Marsha Elaine KRAMER, Respondent.

No. 50008.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 6, 1986.

Timothy H. Battern, St. Louis, for appellant.

Louis Jerry Weber, Hillsboro, for respondent.

REINHARD, Judge.

Husband appeals from a decree of dissolution. On appeal he challenges the trial court's determination that the balance due on a promissory note payable to the parties jointly and secured by a deed of trust in both their names was marital property.

He further contends that the court erred in awarding wife attorney's fees in the amount of $1,400. We affirm.

The parties were married on May 10, 1974, after living together for two years. Their first child was born on June 17, 1974, and their second child on August 13, 1979. In addition, wife's two children by a former husband lived with the parties during the marriage. Wife worked during the majority of the time they were married, earning $164.81 per week in take home pay at the time of trial. Husband's bi-weekly take home pay was $816.00, and he estimated that he made over $38,000 during the year prior to trial. The major assets consisted of real estate with equity in excess of $50,-000 and a promissory note representing the proceeds from the sale of real estate owned by husband prior to the marriage, which was payable jointly to the parties and had a balance due of around $17,300. The parties agreed upon the disposition of most of the property, but disagreed as to the note. The property agreed upon apparently was divided on a half and half basis.

Husband claimed that the note was his separate property; wife asserted that it was marital property. The court found the note to be marital property and divided it equally between the parties. The court also awarded attorney's fees to wife.

As to the major issue in dispute on appeal, the designation of the note as marital property, the court had before it the following evidence. A deed of trust was executed on June 15, 1977, by Earl R. and Martha M. Sands, with parties of the third part being Robert L. Kramer and Marsha E. Kramer, his wife. It describes approximately 300 acres of land in Miller County. The deed of trust was given to secure a $43,310 note executed on the same day and payable to the Kramers jointly. Also in evidence was a note, executed by the Sands on September 14, 1981, in the amount of $25,986 payable to Robert L. Kramer and Marsha E. Kramer, husband and wife.

Husband testified that he purchased the Miller County land in his own name in 1968, and that it had a five year encumbrance which he paid off in five years. He also indicated that he might have made a few payments on the property after his marriage, stating, "It would be paid off. Well, all right. First part of '74." When the land was sold in 1977, both his name and his wife's name were put on the deed of trust and the note. He testified that the real estate agent had prepared those documents, and that he had not instructed him to include both their names. He later called the agent and objected to the inclusion of his wife's name, but took no steps to change the documents or have his wife endorse them over to him, stating, "At that time, I seen no reason to." When asked if at that time he thought the document was "fine the way it was" he replied in the affirmative. He also stated that at that time, he would have wanted the property to go to his wife in the event of his death. He said that payments received on the Sands notes were put in the bank for family expenses. After the first note was lost or destroyed, the second note was executed.

Wife testified that she signed the deed when the property was conveyed to the Sands, although the property was owned by her husband in his own name prior to marriage. She said he continued making payments on the property after their marriage, and those payments came out of their joint account. She thought that the payments continued for approximately one year following the marriage, but was not certain. While living together prior to the marriage she contributed to the joint household, and maintained a joint account with her future husband into which both their earnings were deposited. During the period of time they were together, the payments from the Sands notes were placed in their joint account and used to pay family expenses.

The law in Missouri is well settled on the issue presented here. Property acquired after marriage which is placed in joint names is presumed to be marital property, even if one spouse furnishes all of the consideration. *See Hebron v. Hebron,* 566 S.W.2d 829, 832 (Mo.App.1978). In addi-

tion, a spouse may by agreement, either express or implied, or by gift, *transmute* an item of separate property into marital property. *Layton v. Layton,* 673 S.W.2d 462, 464 (Mo.App.1984); *Weast v. Weast,* 655 S.W.2d 752, 755 (Mo.App.1983). The placing of once separate property into joint names is deemed a gift and transforms the property into marital property. *Layton,* 673 S.W.2d at 464. Clear and convincing evidence is required to show that the transfer was not intended as a provision for, a settlement in favor of, or as a gift to the other spouse. *Id.; Hebron,* 566 S.W.2d at 832.

■ We note initially that at issue here are the 1981 notes made payable jointly to the parties. The execution of the original note and the subsequent note are evidence of the husband's donative intent to create marital property. Our examination of the record reveals two instances where husband gave testimony which might support his position. First, he said he called the real estate agent after he found out that his wife's name was on the original note. However, he did not have it changed, and had the subsequent note prepared with his wife's name included. Second, he testified that it was executed in that manner so that his wife would receive the property at his death, which might indicate that his purpose was not to make an inter vivos gift. However, credibility is for the trial court, which could disbelieve any or all of the husband's testimony in his attempt to defeat the presumption. *In re Marriage of Jackson,* 592 S.W.2d 875, 877 (Mo.App.1980). In addition, the evidence shows that since the parties began living together, payments on the purchase money note for the Miller County property were made from the joint earnings of the parties, and payments later received from the

Sands notes were deposited in a joint account. No findings of fact or conclusions of law were requested or given, and we find no error in the court's implicit finding that the husband failed to overcome the presumption that the property was transmuted into marital property.

■ Husband contends that this case is governed by the recent opinion of *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984) wherein the Supreme Court overruled the "inception of title" theory, and held that Missouri would follow the "source of funds" rule for determining whether property is separate or marital for purposes of distribution in a dissolution proceeding. However, we find nothing in that opinion which prevents a spouse, by his own agreement, express or implied, or by gift, from transmuting an item of separate property into marital property. The court's rejection of the Illinois theory of transmutation in *Hoffmann* did not abolish our own theory of transmutation, which is based on agreement or gift.[1]

■ Husband also contends that the trial court erred in allowing wife attorney's fees, since she received assets valued at approximately $30,000 as her share of the marital property, and "there was no financial need to require her husband to pay her attorney's fees." As was stated in *Bray v. Bray,* 629 S.W.2d 658, 660 (Mo.App.1982):

Awards of attorney fees are in the broad discretion of the trial court. Such awards will not be overruled unless there is a manifest abuse of discretion. *Viers v. Viers,* 600 S.W.2d 214, 216[5, 6] (Mo. App.1980); *LoPiccolo v. LoPiccolo,* 581 S.W.2d 421, 425[7] (Mo.App.1979). Before granting attorney fees the court must consider all relevant factors including the financial resources of the parties. § 452.355, RSMo 1978. The financial re-

1. In Footnote 4 of *Hoffmann,* 676 S.W.2d at 825, the court rejected the Illinois transmutation approach which "holds that where there has been a contribution of marital property to non-marital property, the entire property is transmuted to marital property. *In re Marriage of Lee,* 87 Ill.2d 64, 58 Ill.Dec. 779, 430 N.E.2d 1030, 1032 (1981)." As can be seen, this theory is in no

way similar to our theory of transmutation, which is based on an act or agreement of the party owning the previously separate property. We also observe that Illinois has since overturned their theory by legislative enactment. *See, In re Marriage of Harmon,* 133 Ill.App.3d 673, 88 Ill.Dec. 809, 479 N.E.2d 422 (1985).

sources of the parties are a factor, but not a controlling factor. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918[6] (Mo. banc 1979). The moving party, however, must present evidence of the other party's ability to pay the fees. *Hebron v. Hebron*, 566 S.W.2d 829, 836 (Mo.App.1978).

Here, there was evidence that the amount of wife's attorney's fees was substantially more than the court allowed. We find no abuse of discretion.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.