*In re* MARRIAGE OF IONA SMITH, Plaintiff-Appellee, and GAINES N. SMITH, Defendant-Appellant.

Fifth District   No. 5—86—0152

Opinion filed November 17, 1987.

Earl L. Vuagniaux, P.C., of Edwardsville, for appellant.

John R. Sprague, of Sprague, Sprague & Ysursa, of Belleville, for appellee.

JUSTICE LEWIS* delivered the opinion of the court:

The instant marriage dissolution case comes to this court for a second time, following initial judgment in the trial court in 1979 and subsequent appeal to this court in 1980. Upon appeal to the supreme court in 1981, that court reversed in part and remanded for rehearing. In 1983 the governing statute was amended, and, in 1985, the trial court entered a second judgment, from which this appeal is taken. Upon appeal from the trial court's rulings on property, maintenance and attorney fees, this court must first determine whether the amended statute, effective August 19, 1983, was applicable to the hearing on remand held after that date or whether the cause must be governed by the law in effect at the time of the original hearing. We

---

*Justice Lewis replaces Justice Jones, who retired after the cause was taken under advisement.

hold that the trial court, upon remand, properly applied the law in effect at the time of the original hearing and we, accordingly, affirm in part and reverse in part.

The procedural history of this case is relevant to our determination and may be summarized as follows. The plaintiff, Iona Smith, filed a petition for dissolution of marriage in November 1977. The cause was heard in October 1978, and the original judgment was entered on January 3, 1979. After hearing and argument on the plaintiff's post-trial motion, an amended judgment was entered on April 25, 1979.

The plaintiff appealed and, on October 15, 1980, this court affirmed in part and reversed and remanded in part. *In re Marriage of Smith* (1980), 90 Ill. App. 3d 168, 412 N.E. 2d 985.

The defendant, Gaines N. Smith, appealed and, on October 21, 1981, the supreme court affirmed the circuit and appellate courts in part, reversed in part, and remanded for further hearing in accordance with its opinion. *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239.

A second hearing was held in the trial court in November 1984, and the last judgment was entered June 21, 1985. The defendant, upon denial of his post-trial motion, filed this appeal from the 1985 judgment.

■ Following the decision of the supreme court but prior to the trial court's hearing upon remand, Public Act 83—129 was signed into law on August 19, 1983. That public act amended sections 401 and 503 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 401, 503) (hereinafter the Dissolution Act) and substantially changed the law relating to the treatment of commingled property in marital dissolution proceedings. Section 2 of Public Act 83—129 provided as follows:

"This Act takes effect upon its becoming a law, and *applies to actions filed prior to and pending on the effective date of this amendatory Act* of 1983, and actions filed on or after its effective date." (Emphasis added.) Pub. Act 83—129, eff. August 19, 1983.

It is generally accepted that Public Act 83—129 constituted a legislative rejection of the rationale of the supreme court's holding in *In re Marriage of Smith* (1981), 86 Ill. 2d 518, 427 N.E.2d 1239. (See *In re Marriage of Brown* (1984), 127 Ill. App. 3d 831, 469 N.E.2d 612.) The supreme court in *Smith* stated the rule:

"[W]here a spouse who holds nonmarital property causes it to be commingled with marital property, or with nonmarital prop-

erty of the other, we hold that the commingled property is presumed to be marital property." (*Smith*, 86 Ill. 2d at 529, 427 N.E.2d at 1244.)

The amended section 503 (see Ill. Rev. Stat. 1983, ch. 40, par. 503(c)) said, in essence, that commingled property shall become marital but provided that the contributing estate shall be reimbursed, notwithstanding any transmutation, if the contribution is traceable by clear and convincing evidence.

In the instant case, the trial court, upon remand, followed the rule set forth by the supreme court in *Smith* in classifying the parties' property for purposes of division. On appeal from that judgment, the defendant maintains that the trial court should have based its decision on section 503 as amended in 1983 by Public Act 83—129. The defendant asserts that section 2 of that Act is controlling and requires that the amended statute be applied in the hearing upon remand, which was held after the effective date of Public Act 83—129. The defendant argues strenuously that to hold otherwise would create the anomalous result of denying him the benefit of the new statute brought about by his own case in the supreme court.

While the defendant's argument, at first glance, appears compelling, we find that the issue of what law should be applied upon remand is determined by section 801(d) of the Dissolution Act (Ill. Rev. Stat. 1985, ch. 40, par. 801(d)), which was enacted in 1977 and has been in effect during all of these proceedings. That section states in pertinent part:

> "(d) In any action or proceeding in which an appeal was pending or a new trial was ordered prior to the effective date of this Act, the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal." Ill. Rev. Stat. 1985, ch. 40, par. 801(d).

Section 801(d) refers to the Dissolution Act itself, but it has been held that this section applies to amendments as well. (See *In re Marriage of Brown* (1984), 127 Ill. App. 3d 831, 469 N.E.2d 612; *In re Marriage of Sweet* (1983), 119 Ill. App. 3d 1033, 458 N.E.2d 14.) This court, in *In re Marriage of Brown*, addressing a situation similar to that of the case at bar, followed section 801(d) in holding that the 1983 amendment to section 503 did not govern proceedings on remand from an appeal if the judgment appealed from was entered prior to the amendment's effective date. We noted in *Brown* that the purpose of section 801(d) was to " 'allow the correction on appeal or in a new trial of errors made in applying the law in effect at the time

of the *original* hearing pursuant to that law.' " *In re Marriage of Brown*, 127 Ill. App. 3d 831, 835, 469 N.E.2d 612, 615, quoting Ill. Ann. Stat., ch. 40, par. 801(d), Historical and Practice Notes, at 166 (Smith-Hurd 1980); *cf. In re Marriage of Sweet* (1983), 119 Ill. App. 3d 1033, 458 N.E.2d 14 (section 801(d) required that custody modification hearing be governed, on remand, by law in effect at time of original judgment).

Section 2 of Public Act 83—129, relied upon by the defendant, was in effect when *Brown* was decided, but was not referred to in that decision. For some reason, section 2, which appears in the Public Act, was not printed in the Illinois Revised Statutes. While it may be contended that *Brown* should not be followed because it was not based on a consideration of section 2, a comparison of the language of section 2 and section 801(d) leads to the conclusion that the decision in *Brown* was correct and that section 801(d) should prevail in determining the law to be applied in the instant case.

Section 801, the application statute, refers to the whole Dissolution Act, whereas section 2 applies only to sections 401 and 503. Section 801(d), moreover, is very specific in dealing with appeals, whereas section 2 uses the word "pending" in a general sense. Section 2 is thus similar to section 801(b) (Ill. Rev. Stat. 1985, ch. 40, par. 801(b)), which provides:

> "(b) This Act [the Dissolution Act] applies to all pending actions and proceedings commenced prior to its effective date with respect to issues on which a judgment has not been entered."

Read as a whole, section 801 covers all possibilities; specifically, subsection (b) covering cases "pending" in the trial court before final judgment and subsection (d) covering cases on appeal or in the trial court upon remand. Since section 2 of Public Act 83—129 uses the word "pending" in a general sense, similar to the language of section 801(b), and since section 801(d) refers specifically to cases in the trial court on remand, we hold, as in *Brown*, that section 801(d) must be followed in determining the applicable law upon remand. (See also *In re Marriage of Carney* (1984), 122 Ill. App. 3d 705, 462 N.E.2d 596 (dissolution action was not "pending" for purposes of section 2 of Public Act 83—129 where judgment appealed from was entered prior to effective date of Act).) In the instant case, then, the proceedings upon remand were to be governed by section 503 as it existed prior to the amendment of Public Act 83—129.

The defendant, arguing that dissolution actions are purely statutory and should be governed on appeal by the law as it then exists,

relies upon *Rios v. Jones* (1976), 63 Ill. 2d 488, 494-95, 348 N.E.2d 825, 828, in which the court, discussing an amendment to the Medical Practice Act (Ill. Rev. Stat. 1973, ch. 91, par. 14a), stated:

"The amendment [in question] became effective on August 4, 1974, while the appellate court did not render its decision until December 27, 1974. In the circumstances of this case the rule applies that where the legislature has changed the law pending an appeal the case must be disposed of by the reviewing court under the law as it then exists, and not as it was when the decision was made by the trial court. [Citation.]"

The instant case, however, may be distinguished from *Rios*, in that section 801(d) of the amended statute here specifically provides that "the law in effect at the time of the order sustaining the appeal or the new trial governs the appeal, the new trial, and any subsequent trial or appeal." We thus find no merit in the defendant's argument in this regard.

The main thrust of the defendant's appeal is that the trial court, on remand, did not follow section 503 as amended by Public Act 83–129. Since we have found that the court properly applied the law in effect at the time of the original judgment, we must now consider the defendant's specific objections to the court's rulings regarding property disposition, maintenance and attorney fees. The trial court conducted a hearing on the matters remanded to it and entered judgment on June 21, 1985, confirming the findings of the supreme and appellate courts and ruling on matters remanded to it in accordance with the supreme court's opinion. While the defendant first contends that the trial court erred in classifying the parties' assets, we find, based upon the supreme court's holding in the previous appeal, that the trial court's classification of the parties' assets as marital or nonmarital was proper.

The appellate and supreme court opinions give a detailed description of the specific properties of the parties subject to division by the trial court, and a brief reference regarding the properties involved will suffice for purposes of this opinion. With regard to the marital home, the defendant contends that the trial court's valuation of $57,500 was erroneous because it was based upon an appraised value as of June 1983 rather than January 1979, when the judgment of dissolution of marriage was entered. The record shows, however, that Raymond Lunte, a licensed real estate broker and appraiser, testified at the hearing on remand that the property was worth $57,500 as of January 1979. While the defendant, himself a real estate appraiser, gave a different estimate of value, the trial court might well have

given more credence to the opinion of Mr. Lunte. The evidence sustains the trial court's finding as to value, and we find no error in this regard.

■ The defendant further contends that the trial court erred in failing to reimburse him in the amount of $6,045.15 for identifiable nonmarital funds contributed by him toward the acquisition of the Washington County farm, which was found to be marital property. We agree. At the time of the original proceeding, section 503(c)(1) of the Dissolution Act (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)(1), now Ill. Rev. Stat. 1985, ch. 40, par. 503(d)(1)) provided for consideration of contributions made by each party in acquiring property subject to division in marital dissolution proceedings. This court, in the previous appeal, held that the defendant was entitled to a refund of $6,045.15 as his contribution to the acquisition of the Washington County farm, and the supreme court likewise recognized this contribution. We, therefore, reverse the trial court's judgment to the extent that it failed to provide for such refund and hold that the defendant should be credited with the amount of $6,045.15 upon the sale of the Washington County farm as ordered by the court.

The trial court, in its judgment on remand, ordered a sale of the Washington County farm as well as another building that housed the defendant's office and two apartments. The defendant argues that the court committed error in not considering the tax consequences of such a sale. The trial court was required to consider "all relevant factors" in making the property distribution (Ill. Rev. Stat. 1979, ch. 40, par. 503(c)), which factors include the tax consequences of any sale made necessary by the court's judgment. See *In re Marriage of McCune* (1980), 86 Ill. App. 3d 311, 408 N.E.2d 319; Ill. Ann. Stat., ch. 40, par. 503, Historical and Practice Notes, at 473 (Smith-Hurd 1977); Ill. Ann. Stat., ch. 40, par. 503, Supplement to Historical and Practice Notes, at 63 (Smith-Hurd 1987).

■ While the court, in its judgment, did not specifically discuss the tax consequences of the sale of the Washington County farm and the office and rental property, it appears that both parties would be equally affected by the sale. Thus, unlike in *In re Marriage of Malters*, (1985), 133 Ill. App. 3d 168, 478 N.E.2d 1068, the defendant cannot complain that he would be required to carry a disproportionate share of the tax burden. In addition, unlike the respondent in *In re Marriage of Malters*, the defendant here presented no evidence at trial concerning potential tax liabilities resulting from sale of these assets, as it was his burden to do. (See *In re Marriage of Miller* (1983), 112 Ill. App. 3d 203, 445 N.E.2d 811.) While the defendant suggests

that a division in kind of the properties in question would have been more appropriate, the trial court could very well have reasoned that a sale was the only practical way to deal with the properties. This is particularly true with the farm because, based on the evidence, it produced very little, if any, income. Under the circumstances of this case, we hold that the trial court did not commit error with regard to the determination of tax consequences resulting from the sale of either property, and we decline to reverse on this basis.

The defendant, in further argument, takes issue with the trial court's valuation and division of the Gaines Financial Corporation stock, as well as the court's division of other stocks and its overall division of property. Upon careful review of the record, we find that the court's valuation and division of all other property before us on appeal was proper and will not be disturbed.

We turn now to the issues of maintenance and attorney fees. The plaintiff, Iona Smith, appealed from the original judgment which ordered that each of the parties was to be liable for his own attorney fees and costs to be paid from the proceeds of the sale of the Washington County farm. That same judgment, entered in 1979, stated that neither of the parties would be entitled to maintenance from the other. The appellate and supreme courts remanded these issues to the trial court for reconsideration of the plaintiff's request for maintenance and attorney fees based on the redetermination of the property award, and the trial court, upon remand, awarded maintenance to the plaintiff and ordered that the defendant pay a portion of the plaintiff's attorney fees. Since the property division has been finally determined, this court may now consider the correctness of the trial court's rulings on maintenance and attorney fees. See *Olsher v. Olsher* (1979), 78 Ill. App. 3d 627, 397 N.E.2d 488.

Maintenance may be awarded pursuant to the statutory authority of section 504 of the Dissolution Act (Ill. Rev. Stat. 1979, ch. 40, par. 504) only if the stated factors, including insufficiency of property and inability to support oneself through appropriate employment, are found. In its original judgment, entered January 1979, the trial court found no basis for awarding maintenance to the plaintiff, stating specifically:

> "Due to the above property disposition and good potential for employment by Iona Smith, there should be no maintenance provided her by [the defendant]."

The issue of maintenance was remanded to the trial court for redetermination following final property disposition, and the trial court, without further findings, awarded the plaintiff maintenance of

$100 per month for 121 months. The defendant contends that this award constituted error, and we agree. While the property disposition to Iona Smith was altered somewhat upon subsequent appeal and remand to the trial court, the plaintiff's final property disposition did not differ greatly from that considered by the trial court in denying maintenance in its original judgment. Moreover, the record shows that the plaintiff was employed at the time of the hearing on remand, as contemplated in the trial court's original judgment, and was able to pay her living expenses and otherwise provide for herself. In the absence of evidence to otherwise sustain the trial court's later award of maintenance, we find that this award constituted an abuse of discretion and we, accordingly, reverse the trial court's award of maintenance to the plaintiff.

■ The trial court, upon remand, heard a substantial amount of evidence on the issue of attorney fees and ordered the defendant to pay $20,000 of the plaintiff's $30,857.27 attorney fees. From an examination of the evidence, the property disposition, and the statutory requirements for such an award (see Ill. Rev. Stat. 1979, ch. 40, par. 508), we find that the trial court's award of attorney fees did not constitute an abuse of discretion. The allowance of attorney fees rests in the sound discretion of the trial court (*In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252, 486 N.E.2d 267; *In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573), and it is not necessary that a party be destitute to justify an award of attorney fees (*In re Marriage of Yakin* (1982), 107 Ill. App. 3d 1103, 436 N.E.2d 573). The record shows that the plaintiff had the ability to support herself but that she would exhaust a large portion of her assets to pay all of her attorney fees. The trial court considered all of these factors and developed a plan for the payment of fees that was reasonable. We find that the evidence as to attorney fees was consistent with the court's award and we, accordingly, affirm that portion of its judgment.

For the reasons stated in this opinion, we affirm the trial court on all matters on appeal with the exception of the $6,045.15 reimbursement owed to the defendant for his contribution to the Washington County farm and the court's award of maintenance. We reverse the relevant portions of the trial court's judgment and order that the defendant is to be credited with $6,045.15 upon sale of the Washington County farm and that the plaintiff is to receive no maintenance.

Affirmed in part; reversed in part.

HARRISON and WELCH, JJ., concur.