*In re* MARRIAGE OF AMBER R. GABLE, Petitioner-Appellant, and JAMES J. GABLE, Respondent-Appellee.

Fifth District   No. 5—89—0568

Opinion filed November 29, 1990.

WELCH, J., dissenting.

Dale F. Choisser, of Burnside, Dees, Johnston & Choisser, of Vandalia, for appellant.

Mike Reed, of Crain, Cooksey & Veltman, Ltd., of Centralia, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Amber R. Gable appeals from that portion of the judgment of dissolution of marriage to James J. Gable as entered by the circuit court

of Fayette County pertaining to the division of marital property and the award of maintenance and attorney fees. We affirm in part, reverse in part and remand this cause for further proceedings.

The parties, Amber and James, were married in March of 1953. In 1985, the parties split the marital residence with each living separately in one half of the house. This arrangement continued up to the time of the hearing on Amber's petition for dissolution of their marriage. After the hearing, the trial court ordered the marital residence and surrounding 42 acres, valued at $49,000, to be sold at public sale with the net proceeds to be awarded one-half to each party. No debt existed against this property. The trial court also awarded Amber $500 a month in maintenance until the sale of the marital residence. The amount was then to be reduced to $250 a month for as long as James was employed on a regular and continuing basis. James was then working as a correctional officer for the State, earning approximately $24,000 a year. Prior to this employment, James had been self-employed as a farmer and truck driver. James, however, continued to engage in some farming activities with varying amounts of success. Amber, on the other hand, has been, and still is, unemployed since the beginning of the marriage. She did, however, assist James in his farming operations over the years. Amber, now age 56, has no high school degree or training, suffers from various health problems, and has little in the way of nonmarital property. She claims she has had to borrow some $21,000 over the years from her parents in order to pay expenses. James, age 60, also has health concerns, but unlike Amber, also owns, as part of his nonmarital property, an additional 167 acres of farmland. As a further disposition of the marital estate, James was ordered to assume and hold Amber harmless on all debts, excepting the $21,000 loan from Amber's parents which Amber was ordered to assume herself. Additionally, James was directed to pay $1,000 toward Amber's attorney fees.

Amber argues on appeal the trial court erred in ordering the marital residence and surrounding acreage be sold and the proceeds divided equally between the parties. She believes, in light of her age, her lack of training and/or income, her health, James' income potential, the value of his nonmarital property and the length of the marriage, she should have been awarded the marital residence. In other words, Amber contends a disparate division of the marital estate in her favor is warranted in this instance.

■■ ■ In general, the distribution of marital property is a matter that rests within the sound discretion of the trial court. Only when that discretion has been abused will we disturb the distribution. Such

an abuse occurs when no reasonable person would take the view adopted by the trial court. (See, *e.g., In re Marriage of Korper* (1985), 131 Ill. App. 3d 753, 757, 475 N.E.2d 1333, 1336; *In re Marriage of Greenberg* (1981), 102 Ill. App. 3d 938, 944, 429 N.E.2d 1334, 1339.) We cannot say no reasonable person would take the view adopted here. The only major asset of this lengthy marriage was the house and surrounding acreage. Obviously the parties could no longer share the house, yet they both needed a place to live. The trial court reasonably could have concluded that selling the house and splitting the proceeds was the only practical way to deal with this asset. (See *In re Marriage of Smith* (1987), 162 Ill. App. 3d 792, 799, 516 N.E.2d 777, 782.) Since both had made substantial contributions to the marriage, the trial court also reasonably could have concluded it would be unfair to award either the house. (See *In re Marriage of Miller* (1980), 84 Ill. App. 3d 931, 936, 405 N.E.2d 1099, 1104. *Cf. In re Marriage of Clearman* (1981), 97 Ill. App. 3d 641, 648, 423 N.E.2d 283, 288; *In re Marriage of Lloyd* (1980), 81 Ill. App. 3d 311, 313, 401 N.E.2d 328, 329.) We therefore find no abuse of the court's discretion with respect to the disposition of the marital residence and surrounding land. We also note the proceeds from the marital property awarded to James will not meet the marital debts assigned to him.

■■ ■ We do, however, find an abuse of the trial court's discretion pertaining to the award of maintenance. Section 504 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 504) permits an award of maintenance when one spouse is unable to support himself or herself through appropriate employment or is otherwise without sufficient income. (See *In re Marriage of Stallings* (1979), 75 Ill. App. 3d 96, 101, 393 N.E.2d 1065, 1068.) Here, the court recognized Amber's need for maintenance based on her lack of property, employment skills, age and health, but chose to reduce the amount of support once the marital residence was sold. While it is true once the house is sold, Amber will have some capital, she is not required to consume her share of the marital property in order to maintain herself. (See *Greenberg*, 102 Ill. App. 3d at 942, 946, 429 N.E.2d at 1338, 1341; *Lloyd*, 81 Ill. App. 3d at 313, 401 N.E.2d at 330.) Prior to the dissolution James was giving Amber approximately $600 a month for her support, even at times when his farming endeavors were unsuccessful. Once the house is sold, Amber's expenses will be even higher, yet James' maintenance obligations will be reduced to $250 a month. Such a reduction can only leave Amber without adequate support to meet her needs in the future. We therefore are compelled to remand this cause for a redetermination of the maintenance award.

■■ ■ Amber next contends the trial court abused its discretion in directing James to pay only $1,000 toward the $4,340 incurred in attorney fees and costs. To justify the allowance of attorney fees, the party seeking relief must show a financial inability to pay them himself or herself as well as the ability of the other spouse to do so. (See *In re Marriage of Donahoe* (1983), 114 Ill. App. 3d 470, 477, 448 N.E.2d 1030, 1035; *Miller*, 84 Ill. App. 3d at 937, 405 N.E.2d at 1104.) Financial inability exists when payment would strip that person of his or her means of support and undermine his or her economic stability. (See *In re Marriage of Pitts* (1988), 169 Ill. App. 3d 200, 210, 523 N.E.2d 664, 670; *In re Marriage of Derning* (1983), 117 Ill. App. 3d 620, 626, 453 N.E.2d 90, 94.) Clearly, Amber has shown a financial inability to pay her fees as compared to that of James. Amber is unemployed and virtually unemployable. James, on the other hand, not only has full-time employment with the State, he also has his farming business. The disparate economic circumstances of the parties dictates a greater award of the fees to Amber. We believe an award of less than one-fourth of the total amount constituted an abuse of discretion in this instance, particularly in light of the trial court's order calling for reduced maintenance upon the sale of the marital residence. We therefore reverse and remand this aspect too for a redetermination of the proper amount of an award for attorney fees. See *Pitts*, 169 Ill. App. 3d at 210, 523 N.E.2d at 670. See also *Smith*, 162 Ill. App. 3d at 800, 516 N.E.2d at 783.

■ For her final point on appeal, Amber argues the court's order directing her to assume the debt of $21,000 owed to her parents is against the manifest weight of the evidence. We disagree. Amber simply did not present sufficient evidence to show that in fact such a debt existed. She presented no itemized listing of what had been borrowed over the years and was only able to present three cancelled checks totalling some $3,600 to support her claim. James testified he never asked her to borrow any money from her parents and concluded, in fact, that no such debt existed. The trial court reasonably could have believed if such payments were made, they were intended as gifts. Because Amber did not prove otherwise, any "debt" therefore was reasonably assigned to her. When faced with conflicting evidence, determination of the credibility of witnesses is for the trier of fact. (See *Greenberg*, 102 Ill. App. 3d at 944, 429 N.E.2d at 1339; *Stallings*, 75 Ill. App. 3d at 100, 393 N.E.2d at 1067-68.) We cannot say the trial court's judgment in this instance is against the manifest weight of the evidence.

For the aforementioned reasons, we affirm that portion of the

judgment of the circuit court of Fayette County consisting of the disposition of marital property and the assigning of marital debts. We reverse and remand, however, those portions of the judgment pertaining to the award of maintenance and attorney fees for reconsideration consistent with the views expressed in this opinion.

Affirmed in part; reversed and remanded in part.

GOLDENHERSH, J., concurs.

JUSTICE WELCH, dissenting:

I respectfully disagree with that part of the majority's opinion which reverses the award of maintenance and attorney fees and remands the case for reconsideration of these awards. The appellate standard of review of dissolution of marriage and property distribution orders is abuse of discretion, and the question is not whether the reviewing court agrees with the trial court but, rather, did the trial court, in the exercise of its discretion, act arbitrarily without the employment of conscientious judgment or, in view of all the circumstances, exceed the bounds of reason and ignore recognized principles of law so that substantial injustice resulted? *In re Marriage of Smith* (1984), 128 Ill. App. 3d 1017, 1024, 471 N.E.2d 1008, 1015.

The evidence in this case indicated that the only real marital property consisted of the parties' residence located on 42 acres of farmland, which was stipulated to be worth $49,000. The court ordered the marital property sold with net proceeds to be divided equally between the parties. Prior to the sale of the house, husband was ordered to pay maintenance of $500 per month, and after the sale, $250 per month. Husband was also ordered to assume the entire marital debt of $28,700 and certain nonmarital debts relating to his inheritances. Finally, he was ordered to pay $1,000 of wife's attorney fees. The husband was awarded his nonmarital property, 167 acres of inherited farmland, but the evidence showed husband took considerable business losses on this property which was leased, in both 1987 and 1988.

Husband is 60 years old and suffers from a heart murmur and diabetes. He has been employed for the last five years as a correctional officer for the State of Illinois and earns $24,000 per year. The evidence showed that after husband pays his reasonable living expenses his net income will be $161 per month. It is apparent that husband will have to severely restrict his personal expenses or obtain additional employment in order to pay the $500 per month in maintenance the majority seems to believe he can afford to pay.

The financial circumstances of both parties are grim; both are in poor health and, under the order of the court below, *neither* has income and/or assets sufficient to provide for his or her reasonable needs. In my opinion the majority placed too much emphasis on husband's award of his nonmarital farming property in finding that the trial court abused its discretion by reducing the award of maintenance to $250 per month following sale of the house and by awarding only one-fourth of wife's total attorney fees. I believe the maintenance and attorney fees awards are substantiated by the evidence herein, the result reached by the court below was fair and just to both parties, and accordingly the order of the circuit court of Fayette County did not constitute an abuse of discretion.